1

2

3

4

5

<u>6</u>

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| JOHN GILLIAN, et al., | Case No. 1:15-cv-00037-MJS |
|---|---|
| Plaintiffs, | GRANT, IN PART, AND DENY, IN PART, DEFENDANTS' MOTION TO DISMISS |
| v. | (ECF No. 6) |
| CDCR, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

17 **I.    PROCEDURAL HISTORY**

18       Plaintiffs John Gillian, Mary Whitaker, James Plaisted, Alice Aaron, and Meg

19 Wright, individually and on behalf of the estate of David Gillian, filed this civil rights

20 action pursuant to 42 U.S.C. § 1983 on November 14, 2014 in the Superior Court of

21 California – Fresno County.  (ECF No. 1.)  On January 7, 2015, Defendants California

22 Department of Corrections and Rehabilitation ("CDCR") and Scott Frauenheim, Warden

23 of Pleasant Valley State Prison ("PVSP"), removed the case to federal court.[1]  (ECF No.

24 1.)  The parties have consented to Magistrate Judge jurisdiction.  (ECF Nos. 5 & 10.)

25       Defendants moved to dismiss this action pursuant to Federal Rules of Civil

26 Procedure 8 and 12 for failure to put Defendant CDCR on notice of the claims against it,

27 failure to state a claim upon which relief may be granted, failure to comply with the

28 _____

[1] Plaintiffs also sue twenty unnamed Defendant Does who they allege are agents or employees of CDCR.

1
2
California Tort Claims Act ("CTCA"), and lack of standing to sue on behalf of a
deceased son and brother.  (ECF No. 6.)  Plaintiffs filed an opposition (ECF No. 13) and
3
Defendants replied.  (ECF No. 14.)  The matter is deemed submitted.  Local Rule 230(*l*).
4
## II.    LEGAL STANDARDS
5
### A.    Motion to Dismiss
6
7
Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain
statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2) serves
8
to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it
9
rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*,
10
355 U.S. 41, 47 (1957)).  Failure to comply with Rule 8(a)(2) may result in dismissal of
11
the complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ.
12
P. 12(b)(6).
13
A motion to dismiss brought pursuant to Rule 12(b)(6) "tests the legal sufficiency
14
of a claim", and dismissal is proper "if there is a 'lack of a cognizable legal theory or the
15
absence of sufficient facts alleged under a cognizable legal theory.'"  *Conservation*
16
*Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (*quoting Balistreri v. Pacifica*
17
*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In resolving a 12(b)(6) motion, a
18
court's review is generally limited to the operative pleading.  *Daniels-Hall v. Nat'l Educ.*
19
*Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the court may also consider material
20
that is submitted as part of the complaint, relied upon in the complaint, or subject to
21
judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 668-69 (9th Cir. 2001).
22
"To survive a motion to dismiss, a complaint must contain sufficient factual
23
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*
24
*v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 570); *Conservation*
25
*Force*, 646 F.3d at 1242.  The Court must accept the factual allegations as true and
26
draw all reasonable inferences in favor of the non-moving party.  *Daniels-Hall*, 629 F.3d
27
at 998.
28

**B.    Liability of State Agencies**

"State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."  *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).  In addition, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'"  *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ."  *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).

California Government Code § 815.2(a) provides for state liability of a public entity "for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment . . ."  A public entity may also be liable under California state law for failure to discharge its statutory duty or for its employees' failure to furnish proper medical care.  *See* Cal. Gov. Code § 815.6 & § 845.6.

**C.    Linkage and Supervisory Liability**

Under Section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by a plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  *Id.*  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, a plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own

individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of the plaintiff's federal rights. *Iqbal*, 556 U.S. at 676.

Liability may be imposed on a supervisory defendant under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### D.     Failure to Protect

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm. *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner

may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  *Farmer*, 511 U.S. at 842.

### E.    Medical Indifference

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.*; *See also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference.  *Id.*  "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (*quoting Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes.  *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

5

Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

### F.    Failure to Properly Hire, Supervise, and Train

A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure amounts to deliberate indifference to the rights of persons with whom the subordinates are likely to come into contact.  *Canell v. Lightner*, 143 F.3d 1210, 1213-14 (9th Cir. 1998).  To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation.  *Id.* at 1214; *See also City of Canton v. Harris*, 489 U.S. 378, 388-90 (1989).

An employer can be held liable for negligent hiring, supervising, or training of its employees, "if he knows the employee is unfit, or has reason to believe the employee is unfit or        fails        to use        reasonable        care to discover the employee's unfitness before hiring him."  *Juarez v. Boy Scouts of America, Inc.*, 81 Cal. App. 4th 377, 395 (Ct. App. 2000).

### G.    Due Process

The Due Process Clause protects a plaintiff against the deprivation of life and liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  To state a claim, a plaintiff must first identify the interest at stake.  *Id.*   Liberty interests may arise from the Due Process Clause or from state law.  *Id.*

### H.    California State and Prison Regulations

The existence of the California Code of Regulations and state prison regulations do not necessarily entitle an inmate to sue civilly.  Several district court decisions hold

that there is no such right.  *See e.g., Vasquez v. Tate*, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

## I.    CTCA

Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims.  *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

## J.    Standing

A wrongful death action may be brought by a decedent's personal representative **or** by "[t]he decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, . . . who would be entitled to the property of the decedent by intestate succession."  Cal. Code Civ. Pro. § 377.60(a).  The administrator of the estate and the heirs cannot both sue.  *Gordon v. Reynolds*, 10 Cal. Rptr. 73, 75 (Ct. App. 1960).

## III.   PLAINTIFFS' CLAIMS

Plaintiffs Mary Whitaker and John Gillian are the parents of David Gillian ("Gillian"), and Plaintiffs James Plaisted, Alice Aaron, and Meg Wright are his siblings. Plaintiffs bring suit individually and on behalf of the estate of Gillian against Defendants CDCR, Warden Scott Frauenheim, and Does 1-20.

Plaintiffs' allegations can be summarized essentially as follows:

On October 15, 2013, Gillian committed suicide while incarcerated at PVSP.  A Psychiatric Technician found Gillian at approximately 6:10 a.m. that morning hanging in his cell by a piece of cloth.  The Technician could not find a pulse and observed Gillian

to be "ashen and cyanotic . . . with signs of full body rigor mortis and lividity." (ECF No. 1 at 11.) Gillian's cell area was declared a crime scene, resulting in medical staff having limited access to him. At 6:55 a.m., a Paramedic declared Gillian dead. The Coroner determined that Gillian had been hanging in his cell for a minimum of four to eight hours prior to being brought down.

Gillian was a disabled 52-year-old inmate with chronic neck and back pain and a history of mental illness. On September 27, 2013, during a mental health screening, he denied any mental health issues. However, in documents found among his belongings, he noted feeling depressed and had a previous diagnosis of Major Depressive Disorder, Recurrent, Severe with Psychotic Features.

In a post-death review, concerns were raised regarding whether the guards conducted appropriate counts and rounds (given the Coroner's estimation of how long Gillian had been hanging) and the decision to declare the area a crime scene and limit medical personnel's access to Gillian. Defendant Frauenheim referred the matter to Internal Affairs.

Plaintiffs requested information regarding Gillian's death and were repeatedly informed the reports were not yet available, even though they had already been prepared.

On March 14, 2014, Plaintiff John Gillian filed a tort claim regarding his son's death with the California Victim Compensation and Government Claims Board. On May 15, 2014, the Board rejected the claim. Plaintiffs Whitaker, Plaisted, Aaron, and Wright filed a request to file a late claim on June 9, 2014, which the Board denied on October 16, 2014. They filed a petition for relief from the October 16th denial in state court so that they could join in the state tort claims for negligent supervision and wrongful death.

Defendants Frauenheim and Does 1-20 were deliberately indifferent to Gillian's health and safety by failing to provide proper mental health services, inmate monitoring, and prompt medical treatment and denied him his right to life and liberty without due

process in violation of the Eighth and Fourteenth Amendments.  All Defendants are liable for wrongful death and negligent supervision, training, hiring and retention.

Plaintiffs seek compensatory and punitive damages and attorney's fees and costs.

## IV.    ARGUMENTS

### A.    Defendants' Motion to Dismiss

Defendants argue that Plaintiffs' Complaint should be dismissed on the following four grounds: 1) it fails to plead any facts against Defendant CDCR or link Defendant CDCR to any alleged wrongdoing in violation of Rule 8; 2) Defendant Frauenheim cannot be held liable under a theory of *respondeat superior* and the Complaint fails to identify who he negligently supervised, trained, hired, and/or retained; 3) Plaintiffs Whitaker, Plaisted, Aaron, and Wright failed to comply with the CTCA, and 4) Plaintiffs failed to sufficiently plead they have standing to bring a wrongful death suit.

More specifically, Defendants contend that Plaintiffs Whitaker, Plaisted, Aaron, and Wright's CTCA claim was untimely and rejected by the Board.  Plaintiffs failed to obtain relief from the Board's order prior to filing the instant cause of action in violation of Cal. Gov. Code § 945.4.  Since their request for relief was denied by the Superior Court, their state law claims for negligence and wrongful death should be dismissed without leave to amend.  In so arguing, Defendants ask this Court to take judicial notice of the following two exhibits which they attach to their motion: 1) the court docket for *John Gillian v. CDCR*, Case No. 14 CECG03434, reflecting the tentative January 8, 2015 ruling on Plaintiff's petition for relief from the claims filing requirement, and 2) the California Victim Compensation and Government Claims Board records for Claim Number G 608510.

Defendants contend that Plaintiffs have not specifically pled whether they are the father, mother, and siblings of Plaintiff by blood or marriage.  Therefore, their Complaint fails to demonstrate they have standing to bring suit for wrongful death.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.      Plaintiffs' Opposition**

Plaintiffs argue that they have sufficiently alleged facts to put CDCR on notice of its liability under a theory of negligent supervision and training and wrongful death by alleging that CDCR employees committed the above violations.

Plaintiffs stipulate to the dismissal of Defendant Frauenheim without prejudice so they can add him at a later time if, through discovery, they are able to learn sufficient facts to support his individual and/or supervisory liability.

Plaintiffs Whitaker, Plaisted, Aaron, and Wright concede that they have not yet complied with the CTCA, but argue that they have also not yet asserted any state tort claims against Defendants; they contend they are only joining in the § 1983 claim against Defendants Frauenheim and Does 1 – 20.   Plaintiffs contend they have submitted a second claim for relief from the Board's decision in state court, and if and when it is granted, they will seek leave to amend.

Lastly, Plaintiffs concede that Plaisted, Aaron, and Wright cannot bring suit for wrongful death since Gillian has surviving parents.   However, they contend that only John Gillian, Gillian's father, is bringing the state law claims for negligence and wrongful death and to the extent that they have not plead that Gillian died without a spouse or issue pursuant to Cal. Code Civ. Pro. § 377.60(a) or that John Gillian is the successor in interest and personal representative of the Estate of Gillian, they seek leave to amend.

**C.      Defendants' Reply**

Defendants reply that Plaintiffs should not be granted leave to amend because based on their concessions, amendment would be futile.  Defendants argue that CDCR should be dismissed because Plaintiffs have not identified the Defendant employees by name.  Because Defendant Frauenheim is the only identified Defendant in Plaintiffs' first cause of action under § 1983, the entire claim should be dismissed.  Plaintiffs Whitaker, Plaisted, Aaron, and Wright's second petition for relief from the CTCA has not been granted, barring them from bringing the state tort claims.  Finally, Plaintiffs effectively

acknowledge they have not demonstrated their capacity to sue.

## V.    ANALYSIS

### A.    CDCR

Plaintiffs cannot bring a § 1983 claim against CDCR.  However, the Court may exercise supplemental jurisdiction over the state claims against CDCR, if Plaintiffs state a cognizable federal claim.  28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Plaintiffs allege that Defendant Does 1-20 are CDCR employees or agents, they were acting within the scope of their agency or employment, and that CDCR knew of or subsequently ratified their actions.  They further allege that negligence of Defendant Does 1-20 proximately caused Gillian's wrongful death.  These allegations are sufficient to state claims against CDCR for violation of California state law.  While the use of "John Doe" to identify a defendant is not looked upon favorably, a plaintiff is entitled to learn the identity of unknown defendants through discovery unless it is clear that discovery would not reveal the identities.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  At this stage in the proceedings, it is not clear.  Defendants' motion to dismiss on this basis is denied.

### B.    Defendant Frauenheim

Plaintiffs stipulate to the dismissal of Defendant Frauenheim without prejudice. He is so dismissed.  Defendants contend this should necessarily result in the dismissal of Plaintiffs' § 1983 claim because the only other Defendants named in that cause of action are John Does.  As noted above, the use of John Doe Defendants does not necessitate dismissal here.

### C.    CTCA

Defendants request that the Court take judicial notice of two exhibits attached to their motion that pertain to their CTCA argument.  Plaintiffs do not address Defendants' request for judicial notice.  Having no objection, the Court will take judicial notice of the

court documents attached to Defendants' motion to dismiss.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting court may take judicial notice of court files and matters of public record).

These documents support the conclusion, conceded by  Plaintiffs Whitaker, Plaisted, Aaron, and Wright, that these putative Plaintiffs have not yet complied with the CTCA.  Plaintiffs contention that they have not yet joined in the two state law claims against Defendants is not clear from the Complaint.  Plaintiffs allege in the Complaint that they all may sue individually and on behalf of the Estate of David Gillian.  The two state law claims are brought by Plaintiff John Gillian and the Estate of David Gillian.  To the extent that these Plaintiffs are joined in the state tort claims, they are dismissed without prejudice.

### D.    Standing

Plaintiffs concede that Plaisted, Aaron, and Wright cannot bring suit for wrongful death since Gillian has surviving parents (Plaintiffs John Gillian and Mary Whitaker).  However, they allege in the Complaint that they have standing to bring claims on behalf of the Estate of David Gillian.  In light of their concession, Plaintiffs Plaisted, Aaron, and Wright are dismissed from the state tort claims in the second and third causes of action.  Likewise, these Plaintiffs do not have standing to bring a § 1983 claim.  *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998) (survival actions under § 1983 are only permitted to the extent that they are authorized by state law).

Plaintiffs also seem to argue that John Gillian can sue for wrongful death of his son, both as administrator and in his individual capacity.  "Either the administrat[or] or the heirs, but not both, may sue, and if the administrat[or] sues, the heirs may not."  *Gordon*, 10 Cal. Rptr. at 75.  Plaintiff John Gillian must plead facts to support that he is the administrator of the Estate or that David Gillian had no surviving issue and he is entitled to his property by intestate succession.  *See* Cal. Code Civ. Pro. § 377.60(a).  It

is also unclear whether Plaintiff Mary Whitaker is asserting either of these claims.  If so, she must properly allege standing and compliance with the CTCA.

**E.      Section 1983 Claim**

Plaintiffs title their § 1983 claim as a claim under the Eighth and Fourteenth Amendments for "Failure to Protect." (ECF No. 1 at 17.)  Within this cause of action, Plaintiffs allege violations of the California Code of Regulations and CDCR and PVSP rules and regulations.  It also appears that Plaintiffs are claiming Defendants were medically indifferent, committed due process violations, and failed to properly train and supervise personnel.  Additionally, they group all John Doe Defendants together rather than linking each individual Defendant to a particular constitutional violation.  To the extent that Plaintiffs wish to state any of these federal claims against Defendants, in amending their Complaint, they should comply with the applicable legal standards provided above.

**VI.     CONCLUSION AND ORDER**

Based on the foregoing, the Court HEREBY ORDERS that:

1.      Defendants' motion to dismiss (ECF No. 6.) is granted, in part, and denied, in part;

2.      Plaintiffs shall file an amended complaint within thirty (30) days; and

3.      If Plaintiffs fail to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.


Dated:   __April 26, 2015__                    /s/ *Michael J. Seng*

                                                         UNITED STATES MAGISTRATE JUDGE