UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GILLIAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | CASE NO. 1:15-cv-00037-MJS<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 15)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　On November 14, 2014, Plaintiffs John Gillian, Mary Whitaker, James Plaisted, Alice Aaron, and Meg Wright, individually and on behalf of the estate of David Gillian, filed this civil rights action pursuant to 42 U.S.C. § 1983 in Fresno County California Superior Court.  (ECF No. 1.)  On January 7, 2015, Defendants California Department of Corrections and Rehabilitation ("CDCR") and Scott Frauenheim, Warden of Pleasant Valley State Prison ("PVSP"), removed the case to federal court.[1]  (ECF No. 1.)  The parties have consented to Magistrate Judge jurisdiction.  (ECF Nos. 5 & 10.)

　　　　Defendants moved to dismiss this action pursuant to Federal Rules of Civil Procedure 8 and 12 for failure to put Defendant CDCR on notice of the claims against it, failure to state a claim upon which relief may be granted, failure to comply with the California Tort Claims Act ("CTCA"), and lack of standing to sue on behalf of a deceased

---

[1] Plaintiffs also sue twenty unnamed Defendant Does who they allege are agents or employees of CDCR.

son and brother. (ECF No. 6.) On April 27, 2015, the Court granted in part and denied in part Defendants' motion. (ECF No. 15.) Plaintiffs were ordered to file an amended complaint within thirty days, and were warned that the failure to do so would result in the dismissal of the action, with prejudice. (Id.) The thirty day deadline passed without Plaintiffs either filing an amended complaint or seeking an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation

and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, there is little available which would constitute a satisfactory lesser sanction; Plaintiffs have to date failed to allege a claim under 42 U.S.C. § 1983 that would confer jurisdiction on the Court.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either show cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's order (ECF No. 15) and failure to prosecute, or file an amended complaint, and

2. If Plaintiff fails to show cause or file an amended complaint, the action will be dismissed, with prejudice.

IT IS SO ORDERED.

Dated:   June 2, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE