UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GILLIAN, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>CDCR, et al.,<br><br>       Defendants. | Case No.  1:15-cv-00037-MJS (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 19)<br><br>CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE |

**I.    PROCEDURAL HISTORY**

Plaintiffs John Gillian, Mary Whitaker, James Plaisted, Alice Aaron, and Meg Wright, individually and on behalf of the estate of David Gillian, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2014 in the Superior Court of California – Fresno County.  (ECF No. 1.)  On January 7, 2015, Defendants California Department of Corrections and Rehabilitation ("CDCR") and Scott Frauenheim, Warden of Pleasant Valley State Prison ("PVSP"), removed the case to federal court.[1]  (ECF No.

---

[1] Plaintiffs also sue twenty unnamed Defendant Does who they allege are agents or employees of CDCR.

1.)  The parties have consented to Magistrate Judge jurisdiction.  (ECF Nos. 5 & 10.)

On February 3, 2015, Defendants moved to dismiss this action.  (ECF No. 6.)  On April 27, 2015, the Court granted, in part, and denied, in part, Defendants' motion to dismiss.  (ECF No. 15.)  On June 7, 2015, Plaintiff John Gillian, alone, filed an amended complaint against Defendants CDCR and Does 1-20.  (ECF No. 17.)  On July 3, 2015, Defendant CDCR moved to dismiss the amended pleading.  (ECF No. 19.)  Plaintiff did not file an opposition to the motion and the time to do so has passed.  The matter is deemed submitted.  Local Rule 230(*l*).

## II.     MOTION TO DISMISS LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) "tests the legal sufficiency of a claim", and dismissal is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the court may also consider material that is submitted as part of the complaint, relied upon in the complaint, or subject to judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 668-69 (9th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 570); *Conservation Force*, 646 F.3d at 1242.  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Daniels-Hall*, 629 F.3d at 998.

### III. PLAINTIFF'S CLAIMS

Plaintiff John Gillian is the biological father of the deceased David Gillian ("Gillian"), a former inmate at PVSP.  He brings suit against Defendants CDCR and Does 1-20.

Plaintiff's allegations can be summarized essentially as follows:

On October 15, 2013, Gillian committed suicide while incarcerated at PVSP.  A Psychiatric Technician found Gillian at approximately 6:10 a.m. that morning hanging in his cell by a piece of cloth.  The Technician could not find a pulse and observed Gillian to be "ashen and cyanotic . . . with signs of full body rigor mortis and lividity."  (ECF No. 17 at 3.)  Defendant Doe 1 declared Gillian's cell area a crime scene and closed off the area, resulting in medical staff having limited access to him.  Had medical staff been able to enter, Gillian may have survived.

At 6:55 a.m., a Paramedic was allowed to enter the cell and declared Gillian dead.  The Coroner determined that Gillian had been hanging in his cell for a minimum of four to eight hours prior to being brought down.  Defendant Does 2 – 9 failed to properly monitor Gillian.

Gillian was a disabled 52-year-old inmate with chronic neck and back pain and a history of mental illness.  On September 27, 2013, during a mental health screening, he denied any mental health issues.  However, in documents found among his belongings, he noted feeling depressed and had a previous diagnosis of Major Depressive Disorder, Recurrent, Severe, with Psychotic Features.  Defendant Does 10 – 15 failed to properly diagnose and treat Gillian for his mental health condition and suicidal ideations.  Defendant Does 15 – 20 failed to properly treat Gillian's neck and back pain.

In a post-death review, concerns were raised regarding whether the guards conducted appropriate counts and rounds (given the Coroner's estimation of how long Gillian had been hanging) and the decision to declare the area a crime scene and limit medical personnel's access to Gillian.

Plaintiff and Gillian's family members requested information regarding Gillian's death and were repeatedly informed the reports were not yet available, even though they had already been prepared.

Plaintiff seeks damages and attorney's fees and costs.

## IV. DISCUSSION

### A. Defendant's Arguments

Defendant argues: 1) CDCR should be dismissed because Plaintiff John Gillian cannot bring a § 1983 claim against a state agency; 2) Plaintiff has failed to plead he has standing to bring suit on behalf of Gillian either as the personal representative of his estate or as his successor in interest; 3) Plaintiff has also failed to link each John Doe Defendant to a violation of Gillian's constitutional rights; and, 4) Plaintiff's allegations are conclusory, at times contradictory, and fail to allege facts indicating that each Doe Defendant acted with deliberate indifference.

### B. Analysis

#### 1. CDCR

Plaintiff does not name CDCR as a Defendant in his first cause of action under § 1983. CDCR is only named as a Defendant in the second cause of action for wrongful death in violation of California law. Therefore, Defendant's motion is denied in this regard.

#### 2. Standing

Plaintiff pleads that he is the biological father of Gillian and that Gillian died intestate, leaving his parents as the nearest blood relatives. However, these facts fail to establish he has standing to bring a § 1983 claim. Survival actions under § 1983 are only permitted to the extent that they are authorized by state law. *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998). Under California law, "the decedent's personal representative or, if none, . . . the decedent's successor in interest" has standing to bring a survival action. Cal. Code Civ. Pro. § 377.30. Plaintiff has not pleaded that he

is his son's personal representative or that there is no personal representative and he is the successor in interest. Additionally, if Plaintiff intended to bring suit as the successor in interest, he failed to indicate in the First Amended Complaint whether he has filed the necessary affidavit. *See* Cal. Code Civ. Pro. § 377.32.

Plaintiff was previously advised that he would need to demonstrate compliance with the state law requirements in order to bring a survival action under § 1983. One must assume that he failed to do so because he could not. No useful purpose would be served in once again advising him of those requirements and giving him yet another opportunity to meet them. Defendant's motion is granted, and leave to amend is denied.

### 3. Failure to Protect Claims

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm. *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

5

exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

As an initial matter, Plaintiff fails to link each Doe Defendant **individually** to a violation of Gillian's constitutional rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff groups the Doe Defendants into four categories: Doe Defendant 1, Doe Defendants 2-9, Doe Defendants 10-15, and Doe Defendants 15-20.

Plaintiff also fails to plead facts demonstrating the Doe Defendants acted with deliberate indifference. No allegations suggest that any Defendant knew that Gillian was potentially or actually suicidal.

Plaintiff alleges that Doe Defendant 1 failed to protect Gillian by declaring the area a crime scene and refusing to allow CPR to be done on Gillian. However, Plaintiff also acknowledges that prior to Doe Defendant's actions it was determined that Gillian did not have a pulse, was not breathing, and was "ashen and cyanotic and his skin was dry with signs of full body rigor mortis and lividity." (ECF No.17 at 3.) On these facts it cannot be said that Doe Defendant 1 acted with deliberate indifference by not sooner allowing CPR.

Plaintiff was previously advised of the necessary elements of a failure to protect claim and failed to include them in his Amended Complaint. His failure in this regard may reasonably be construed as an inability to so allege. Further amendment would therefore be pointless. Defendant's motion is granted and leave to amend denied.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Defendant's motion to dismiss (ECF No. 19.) is granted;
2. The action is DISMISSED WITH PREJUDICE for failure to state a claim; and

6

3. The Clerk of Court shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:    August 18, 2015              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

7